J-A14029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                            :               PENNSYLVANIA
                            :

             v.                      :
                            :

ERIC RAMBERT               :
                            :

          Appellant        :      No. 3634 EDA 2017

Appeal from the PCRA Order October 23, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0625331-1983

BEFORE:    GANTMAN, P.J., SHOGAN, J., and PLATT*, J.

MEMORANDUM BY SHOGAN, J.:           **FILED SEPTEMBER 17, 2018**

Appellant, Eric Rambert, appeals *pro se* from the order entered on October 23, 2017, that denied as untimely his tenth petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

In its opinion, the PCRA court set forth the relevant facts and procedural history of this matter as follows:

> On May 31, 1983, [Appellant] broke into the home of a seventy-five-year-old woman. [Appellant] then robbed and violently raped her. On November 21, 1983, [Appellant] entered a negotiated guilty plea to rape, involuntary deviate sexual intercourse, burglary, robbery and conspiracy. On the same date, [Appellant] was sentenced to an aggregate term of ten to twenty-five years' imprisonment. Neither a motion to withdraw the guilty plea nor a direct appeal was filed.
>
> [Appellant] filed his first petition seeking collateral relief under the former provisions of the Post Conviction Hearing Act ("PCHA")[2] on July 17, 1984. On June 11, 1985, the PCHA court dismissed the petition without a hearing. On appeal, the Superior

_____

\*   Retired Senior Judge assigned to the Superior Court.

Court affirmed the denial of post-conviction relief on June 30, 1986.[3]

> [2] Act of January 25, 1966, P.L. (1965) 1580, *codified* at 19 P.S. § 1180-1 *et seq*. The PCHA was repealed in part, modified in part, and renamed the Post Conviction Relief Act, effective April 13, 1988.

> [3] *Commonwealth v. Rambert*, 513 A.2d 1078 (Pa. Super. 1986) (unpublished memorandum).

On July 28, 1999, [Appellant] filed a second PCRA petition, *pro se*. The PCRA court dismissed his petition as untimely on September 29, 1999, and the Superior Court affirmed on that basis.[4] Prior to the disposition of the above appeal, [Appellant] filed a third petition, *pro se*, on May 22, 2000. The PCRA court dismissed the petition without prejudice on August 10, 2000.

> [4] *Commonwealth v. Rambert*, 766 A.2d 891 (Pa. Super. 2000) (unpublished memorandum).

[Appellant's] next PCRA petition, his fourth, was filed on January 8, 2003. The PCRA court dismissed the petition as untimely and the Superior Court affirmed on April 13, 2004.[5]

> [5] *Commonwealth v. Rambert*, 852 A.2d 1252 (Pa. Super. 2004) (unpublished memorandum).

On July 9, 2004, [Appellant] filed his fifth *pro se* PCRA petition. The PCRA court dismissed the petition as untimely on April 13, 2005 and the Superior Court affirmed on December 7, 2005.[6]

> [6] *Commonwealth v. Rambert*, 894 A.2d 822 (Pa. Super. 2005) (unpublished memorandum).

[Appellant's] next two PCRA petitions, his sixth and seventh, were filed on November 7, 2007 and May 27, 2008, the latter of which was dismissed as untimely on December 24, 2009.

[Appellant's] eighth PCRA petition was filed *pro se* on July 29, 2010. [Appellant] also submitted numerous supplemental petitions from March 2013 through May 2014. The PCRA court dismissed [Appellant's] petition as untimely on June 24, 2015. On

July 8, 2016, the Superior Court affirmed the dismissal.[7] The Pennsylvania Supreme Court denied *allocatur* on October 26, 2016.[8]

> [7] *Commonwealth v. Rambert*, 154 A.3d 847 (Pa. Super. 2016) (unpublished memorandum).
>
> [8] *Commonwealth v. Rambert*, 160 A.3d 762 (Pa. 2016) (table).

While the previous appeal was pending, [Appellant] filed his ninth *pro se* PCRA petition on July 9, 2015. The PCRA court thereafter dismissed [Appellant's] petition as premature on November 9, 2015. On May 31, 2016, the Superior Court affirmed the dismissal.[9]

> [9] *Commonwealth v. Rambert*, 151 A.3d 1162 (Pa. Super. 2016) (unpublished memorandum).

On July 14, 2016, [Appellant] filed the instant *pro se* PCRA petition, his tenth.[10] [Appellant] also submitted numerous supplemental filings which were reviewed jointly with his petition. Pursuant to Pennsylvania Rule of Criminal Procedure 907, [Appellant] was served notice of the PCRA court's intention to dismiss his petition on August 2, 2017. [Appellant] submitted responses to the Rule 907 notice on August 9, September 12, and October 11, 2017. On October 23, 2017, the PCRA court dismissed his PCRA petition as untimely. On November 1, 2017, the instant notice of appeal was timely filed [in] the Superior Court.

> [10] The present appeal stems from [Appellant's] serial petition for collateral relief, which he filed in 2016. Therefore, [Appellant's] petition is subject to the most recent amendments to the PCRA, enacted November 17, 1995 and effective sixty days thereafter, on January 16, 1996. *See* Act of November 17, 1995, P.L. 1118 No. 32 (Spec.Sess. No. I), § 1 (hereinafter "the Act").

PCRA Court Opinion, 12/15/17, at 1-3.

Appellant presents the following issues for our review:

1. Whether the lower court erred in denying Appellant relief for withdrawal of a plea that was involuntary, unintelligent and unknowing where Appellant stated a claim for relief.

2. Whether the lower court erred in denying [Appellant] relief where he raised a claim for relief where the trial counsel advised him to plead guilty beyond the minimum and maximum sentence statutorily allowed for a juvenile pursuant [to] 11 P.S. §§50-323(a).

3. Whether the lower court erred in denying Appellant PCRA relief to withdraw a guilty plea that statutorily Appellant could not enter into because he was unlawfully graded a career criminal and placed in the career criminal program in violation of 42 Pa.C.S. §6302 Juvenile Act where the career criminal program lacked tribunal jurisdiction because Appellant was seventeen (17) years old.

4. Whether the lower court erred in denying an [e]videntiary hearing where Judge Roman's [sic] appointed counsel May 19, 2017 but Judge Brinkley revoked the appointment.

Appellant's Brief at 3 (unnecessary capitalization and emphases omitted).

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id.*

As an initial matter, we note that Appellant's maximum sentence of twenty-five years appears to have been completed. *See Commonwealth v. Rambert*, 2052 EDA 2015, (Pa. Super. July 8, 2016) (unpublished memorandum at 1 n.1) (noting the Commonwealth's assessment that

- 4 -

Appellant is likely serving sentences for unrelated crimes, which he committed while in Allegheny County prison on or about January 27, 1987). Thus, Appellant appears to be ineligible for PCRA relief pursuant to 42 Pa.C.S. § 9543(a)(1)(i), which requires that a petitioner plead and prove that he is "currently serving a sentence of imprisonment, probation or parole for the crime.".

Nevertheless, even if Appellant is still in custody for the crimes at issue, his petition is untimely. It is well settled that the timeliness of a PCRA petition is a jurisdictional threshold and may not be disregarded in order to reach the merits of the claims raised in a PCRA petition. ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014). Furthermore, "a court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition." ***Commonwealth v. Fowler***, 930 A.2d 586, 592 (Pa. Super. 2007). Effective January 16, 1996, the PCRA was amended to require a petitioner to file any PCRA petition within one year of the date his judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Where a petitioner's judgment of sentence became final on or before the effective date of the amendment, January 16, 1996, a special grace

*proviso* allowed first PCRA petitions to be filed by January 16, 1997. ***See Commonwealth v. Alcorn***, 703 A.2d 1054, 1056-1057 (Pa. Super. 1997) (explaining the application of the PCRA grace *proviso*).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[1]  A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented.  42 Pa.C.S. § 9545(b)(2).

Our review of the record reflects that Appellant's judgment of sentence became final on December 21, 1983, thirty days after imposition of his sentence and the time expired for Appellant to file an appeal with this Court.

---

[1] The exceptions to the timeliness requirement are:

> (i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Accordingly, Appellant's judgment of sentence became final prior to the effective date of the PCRA amendments. However, Appellant's instant PCRA petition, which was filed on July 14, 2016, does not qualify for the grace *proviso* as it was neither Appellant's first PCRA petition, nor was it filed before January 16, 1997. Thus, the instant PCRA petition is patently untimely. Moreover, Appellant's claim that his sentence was illegal, Appellant's Brief at 8-13, does not provide us jurisdiction to review his claim. **See Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) ("[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto").

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). **Hernandez**, 79 A.3d at 652.

It appears that Appellant is attempting to invoke the exception of the after-recognized constitutional right enumerated at 42 Pa.C.S.

§ 9545(b)(1)(iii) by citing to the case of "**Montgomery v. Alabama**,"[2] in his Rebuttal Brief. Appellant's Rebuttal Brief at 3. In **Miller v. Alabama**, the Supreme Court held that sentencing schemes mandating life in prison without parole for defendants who commit their crimes while under the age of eighteen violate the Eighth Amendment's prohibition on "cruel and unusual punishments." **Miller**, 132 S.Ct. at 2469. In **Montgomery**, the United States Supreme Court ruled that **Miller** has retroactive effect in cases on state collateral review. **Montgomery**, 136 S.Ct. at 732. **Miller** and **Montgomery**, however, are inapplicable to Appellant's case because he was not sentenced to life imprisonment. Furthermore, Appellant failed to file his petition citing **Montgomery** within sixty days of the date it was decided, which was January 25, 2016 (revised January 27, 2016). Thus, Appellant has failed to satisfy the after-recognized constitutional right exception to the PCRA time-bar.

Consequently, because the instant PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. **See Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. **See Commonwealth v.**

---

[2] We note that it appears the cases Appellant is attempting to reference are **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), and **Miller v. Alabama**, 132 S. Ct. 2455 (2012).

***Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/17/18